IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

PHILIP OZDEMIR, *pro se*,

                    Plaintiff,

                                            Civ. Action No.
                                            3:02-CV-1600 (NAM/DEP)

        vs.

SOMERSET MEDICAL CENTER, *et al.*,

                    Defendants.

_____

APPEARANCES:_____OF COUNSEL:

FOR PLAINTIFF:

PHILIP OZDEMIR, *pro se*
476 Hopkins Crandall Road
Smyrna, NY 13464

FOR DEFENDANTS:

SMITH, SOVIK LAW FIRM              JAMES D. LANTIER, ESQ.
250 South Clinton Street          KAREN M. RICHARDS, ESQ.
Suite 600
Syracuse, NY 13202-1252

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

        Plaintiff Philip Ozdemir, who is proceeding *pro se* and *in forma*

*pauperis*, has commenced this action asserting claims on his own behalf

1

as well as the estate of Mary Catherine Barry, with whom he had a relationship prior to her death, and the estate of Baby Doe, an unborn child. Plaintiff's claims rise from the death of Ms. Barry while hospitalized at the Somerset Medical Center, which is located in Somerville, New Jersey. In his complaint, plaintiff asserts claims for negligence, medical malpractice, and wrongful death.

Throughout the course of this proceeding, which has been pending for more than a year, the plaintiff has been admonished by the court of the need to demonstrate his authority for representing the estates of Ms. Barry and Baby Doe, and for allowing him to proceed *pro se* in that representation. Although plaintiff has endeavored to comply with that directive, none of his submissions demonstrate any basis to conclude that he is authorized either to represent the estate of Ms. Barry and her unborn child, or to proceed *pro se* in that regard. I therefore recommend dismissal of all claims in this action by the plaintiff on behalf of the estates of Ms. Barry and Baby Doe. Additionally, in light of plaintiff's failure to appear as required for an in-person conference and his prior history of missing and being late for court appearances, I also recommend dismissal of the claims asserted in his own right on this basis.

I.      BACKGROUND

2

Plaintiff commenced this action on December 27, 2002.  Dkt. No. 1. Following routine review of plaintiff's complaint, then-Magistrate Judge Gary L. Sharpe issued an order dated January 9, 2003 raising the issue of plaintiff's authority to act as counsel for the estates of Ms. Barry and Baby Doe and instructing him to file with the court an affidavit advising whether any persons or entities other than the plaintiff could be affected by the claims in the action.  Dkt. No. 3.  In response, plaintiff submitted an affidavit which was filed on February 10, 2003; in it, plaintiff advised that Ms. Barry had brothers, sisters and parents still alive all with potential interests in her estate, and requested that he be afforded thirty days to find an attorney to appear on behalf of the two estates.  Dkt. No. 6.  That affidavit provided no indication that plaintiff had been empowered by any court to act on behalf of the estates.  *Id.*

The issue of plaintiff's capacity to sue on behalf of the two estates was raised once again by Judge Sharpe during a conference conducted on May 5, 2003.  *See* Dkt. No. 15.  According to a minute entry of that proceeding, plaintiff was directed to resolve outstanding issues of his representation of Ms. Barry and Baby Doe by September 8, 2003.  *Id.*  At a subsequent conference held on September 8, 2003, the matter appears to have remained unresolved, resulting in Judge Sharpe affording the

3

plaintiff an additional thirty days to file an amended complaint and arrange for an appearance by counsel on behalf of the estates of Ms. Barry and Baby Doe.  Dkt. No. 18.  According to the minute entry of that proceeding, the plaintiff was also advised by Judge Sharpe that a recommendation would be made to the assigned district judge for dismissal of plaintiff's complaint absent the filing of an amended complaint and/or appearance by counsel.  *Id.*

An amended complaint was subsequently filed by the plaintiff on October 8, 2003.  Dkt. No. 23.  That amended complaint, unfortunately, did nothing to crystallize the basis for plaintiff's authority to represent the estates of Ms. Barry and Baby Doe and to proceed *pro se* on behalf of those estates.

In light of Judge Sharpe's elevation to a position as a United States District Judge, this matter was reassigned to me by order issued by Chief Judge Frederick J. Scullin, Jr., on December 17, 2003.  Dkt. No. 26. Following that reassignment, on December 31, 2003 I sent out a notice scheduling an in-person conference to be held in the matter on February 6, 2004 in Binghamton, New York.  Dkt. No. 27.  On the date of the scheduled conference counsel for the defendants was present.  There was no appearance, however, by or on behalf of the plaintiff.  At the

4

conclusion of the conference I advised of my intention to recommend

dismissal of the plaintiff's complaint.

II.    DISCUSSION

    A.    Claims of the Estates of Ms. Barry and Baby Doe

Subsequent to the September 8, 2003 pretrial conference the

defendant wrote to Judge Sharpe urging dismissal of plaintiff's complaint

based upon his failure to provide evidence of his authority to act, and to

proceed *pro se*, on behalf of the estates of Baby Doe and Ms. Barry.  Dkt.

No. 24.  Plaintiff has since written in opposition to the letter encouraging

the court to deny the application and permit him to proceed *pro se*.  Dkt.

No. 28.

The question of plaintiff's authority to proceed on behalf of the

estates of Ms. Barry and Baby Doe implicates two separate and distinct

issues.  The first relates to plaintiff's legal authority, or capacity, to assert

claims on behalf of those estates.  The second concerns whether,

assuming a finding that plaintiff is legally empowered to represent those

estates, he should be permitted to act *pro se*, without legal counsel, on

their behalves.

Rule 17 of the Federal Rules of Civil Procedure requires that "[e]very

action shall be prosecuted in the name of the real party in interest."  Fed.

5

R. Civ. P. 17.  That rule goes on to provide, however, that an executor or administrator may sue in a deceased person's name without joining that party for whose benefit the action is being brought.  *Id.*  The rule also provides that an action should not be dismissed on the grounds that it is not prosecuted in the name of a real party in interest "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest".  *Id.*

Unquestionably, this action could have been pursued by the lawfully empowered executors or administrators of the estates involved.  *Lamarca v. United States*, 31 F.Supp.2d 110, 124 (E.D.N.Y. 1999) (citing section 5-4.1 of the New York Estates Powers and Trusts Law); *see also*, *e.g.*, *Mendlow v. Mt. Sinai Hosp.*, No. 96 Civ. 8182, 1998 WL164790, at *1 (S.D.N.Y. Apr. 8, 1998) (*pro se* plaintiff, the son of the deceased, did not have legal capacity to bring medical malpractice action on behalf of estate when surrogate court denied plaintiff authorization to do so, based on plaintiff's father's position as executor; citing New York EPTL § 11-3.2, which permits only a duly appointed personal representative of a decedent to bring an action on behalf of an estate).  In this instance none of plaintiff's submissions demonstrate his authority to act on behalf of the estates of Ms. Barry and Baby Doe.  Indeed, plaintiff's affidavit advises

6

that at the time of her death Ms. Barry had surviving siblings and parents,

and it is thus likely that one of those may well have been legally

authorized to act on behalf of her estate.

When legal capacity to sue is brought into question, it is the burden

of the party asserting that authority to prove to the court's satisfaction that

he or she is in fact authorized to assert claims on behalf of the party. *See*,

*e.g.*, *Mendlow*, 1998 WL 164790, at *1 ("[p]laintiff . . . has not proffered any

evidence to dispute the following facts").  In this instance plaintiff has

failed to sustain his burden of demonstrating his capacity to act as

administrator or executor of the two estates in question, and his claims on

their behalves is thus subject to dismissal.

As a secondary matter, there is a question of whether, assuming

*arguendo* his authority to act on behalf of the two estates, plaintiff should

be permitted to prosecute their claims in this action *pro se*.  The duality of

the issue now raised is illustrated by the Second Circuit's decision in

*Pridgen v. Andresen*, 113 F.3d 391 (2d Cir. 1997).  In that case, as here,

both issues were initially discerned by the court when, during the course of

an appeal from a judgment against a husband and wife, the husband died

and the wife attempted to press an appeal on his behalf.  113 F.3d at 392.

The wife's application for permission to substitute herself in the place of

7

her deceased husband was denied by the appellate court, without prejudice to renewal following her submission of proof that she had been duly appointed to act as administratrix or executrix of the husband's estate. *Id.* Upon a later showing that the wife had been duly appointed to act as executrix of her deceased husband's estate by the Connecticut probate court, the Second Circuit revisited the matter in order to address the second question of whether she should be permitted to proceed *pro se* on behalf of her husband's estate. 113 F.3d at 392-93. The court reaffirmed the right of all litigants, guaranteed under 28 U.S.C. § 1654, to act on their own behalves in matters pending in the United States Courts. *Id.* (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) and *O'Reilly v. New York Times Co.*, 692 F.2d 863, 867-70 (2d Cir. 1982)). The court also noted a limitation on that right, however, in cases involving the interests of another. *Id.* The court concluded by holding "that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant." 113 F.3d at 393.

In this instance the affidavit by the plaintiff makes clear that Ms. Barry had other beneficiaries, including her surviving parents and siblings. Thus, even assuming plaintiff's showing of his legal capacity to act as an

administrator or executor of the estates in question, he has failed to demonstrate entitlement to proceed *pro se* on behalf of those estates. And, since plaintiff has been given ample time to secure legal appointment for those estates, but has failed to do so, I recommend dismissal of plaintiff's claims on behalf of those estates without prejudice.

B.     Plaintiff's Claims On His Own Behalf

Plaintiff's complaint, when liberally read, also appears to assert negligence claims brought on his own behalf. Upon careful review of plaintiff's complaint there appear to be serious questions regarding jurisdiction as well as the merits of any negligence claim brought by him in his own right.[1,2] While plaintiff's claims may ultimately be found to be

---

[1]     Plaintiff's complaint does not set forth the basis for this court to assert personal jurisdiction over a medical facility located in New Jersey in a case involving actions which occurred solely in that state. A review of plaintiff's submissions suggests that he confuses the question of diversity jurisdiction, which unquestionably provides a basis for this court to assert subject matter jurisdiction over his claims, with that of personal jurisdiction, which requires the court to find some basis for permitting extraterritorial service under Rule 4 of the Federal Rules of Civil Procedure and asserting personal jurisdiction over an out-of-state defendant. I note, in this regard, that while it has answered, the defendant has raised – and thus preserved – the issue of personal jurisdiction. *See* Answer to First Amended Complaint (Dkt. No. 25) ¶ 8.

[2]     Separate and apart from medical malpractice and wrongful death claims, which plaintiff does not possess standing to assert, there is considerable question regarding any duty owed by the defendant directly to him which could provide a basis for assertion of a negligence claim. In support of his negligence claim, plaintiff places heavy reliance upon *Dunphy v. Gregor*, 136 N.J. 99, 642 A.2d 372 (1994), a New Jersey Supreme Court action permitting assertion of a claim for negligent infliction of emotional distress in a "bystander liability" setting. That case involved an automobile accident wherein the plaintiff witnessed the tragic death of her fiancé, requiring her to undergo psychiatric and psychological treatment for depression and anxiety. The facts

legally deficient, however, I cannot say that they are so frivolous on their face as to warrant *sua sponte* dismissal.  Moreover, the plaintiff is entitled to proceed *pro se* on his own behalf.

This notwithstanding, plaintiff has provided, through his failure to adhere to prior court instructives, a legitimate basis for dismissal of his complaint in this action.  A review of the docket sheet reflects that plaintiff missed one prior scheduled conference in April of 2003, advising the court by later letter that he had not received notice of the conference until it was too late to attend.  *See* Dkt. No. 12.  Later, on September 8, 2003, plaintiff appeared late for his scheduled conference and was admonished by the court on that occasion that in the event of any future tardiness sanctions would be imposed.  Dkt. No. 18.  Despite this admonition and the court's written notice more than one month prior to the scheduled conference, plaintiff failed to appear as directed on February 6, 2004.

It is well-established that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and the rules of this court for failure to prosecute and to comply with the court's legitimate instructives is appropriate.  Fed. R. Civ. P. 41(b); N.D.N.Y.L.R. 41.2; *Link v. Wabash RR Co.*, 370 U.S. 626,

---

of that case are significantly different than those at bar, and thus it remains an open issue as to whether plaintiff may be able to avail himself of the type of claim recognized in that decision.

633, 82 S. Ct. 1386, 1390 (1962); *see also*, *e.g.*, *Bergerstock v. County of Cayuga, NY*, 5:00-CV-1360, Dkt. No. 48 (N.D.N.Y. July 25, 2003) (Mordue, J.); *Williams v. Faulkner*, No. 95-CV-741, 1998 WL 278288, at *1-*2 (N.D.N.Y. May 20, 1998) (Pooler, D.J. and Scanlon, M.J.).

Based on plaintiff's failure to comply with this court's legitimate directives, I recommend that the claims being asserted on his own behalf, *pro se*, be dismissed as well.

III.   SUMMARY AND RECOMMENDATION

Since commencing this action more than one year ago, plaintiff has been alerted by the court on several occasions to the problems associated with his attempts to assert claims on behalf of the estates of Ms. Barry and Baby Doe, and to proceed *pro se* on behalf of those estates.  Despite those warnings plaintiff has failed to establish either that he is authorized to prosecute claims on behalf of those estates, or that there is a proper basis for permitting him to represent those estates *pro se*.  I therefore recommend dismissal of plaintiff's claims on behalf of those estates without prejudice.

In addition to these shortcomings, plaintiff has failed to comply with this court's directives that he appear for a conference in Binghamton, New York on February 6, 2004.  In view of this failure, coupled with one prior

11

similar instance of not appearing as directed for a conference and an additional episode involving tardiness, I recommend dismissal of plaintiff's claims asserted on his own behalf with prejudice.

Based upon the foregoing it is hereby

RECOMMENDED, that plaintiff's complaint be DISMISSED with prejudice, insofar as it asserts claims on his own behalf, and that it be DISMISSED without prejudice, with regard to claims asserted on behalf of the Estates of Mary Catherine Barry and Baby Doe.

ORDERED, that the clerk shall promptly mail copies of this report and recommendation to the plaintiff *pro se* and to defendant's counsel.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

David E. Peebles
U.S. Magistrate Judge

Dated:      February 10, 2004

12

Syracuse, NY

G:\Civil\2002\02-CV-1600\reprec.wpd