UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**PHILLIP OZDEMIR, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF MARY CATHERINE BARRY AND PHILLIP OZDEMIR; ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF BABY DOE, AN UNBORN BABY BETWEEN PHILLIP OZDEMIR AND MARY CATHERINE BARRY AND PHILLIP OZDEMIR, AS AN INDIVIDUAL,**

       **Plaintiff,**

   -v-           3:02-CV-1600 (NAM/DEP)

**SOMERSET MEDICAL CENTER, SOMERSET HEALTH CARE CORPORATION, BOARD OF DIRECTORS OF SOMERSET HEALTH CARE CORPORATION, AND JOHN AND JANE DOES 1-100**

       **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
Phillip OZDEMIR, *pro se*
476 Hopkins Crandall Road
Smyrna, New York 13464

SMITH, SOVIK LAW FIRM
James D. Lantier, Esq., of Counsel
Karen M. Richards, Esq., of Counsel
Suite 600
250 South Clinton Street
Syracuse, New York 13202-1252
Counsel for Defendants

**Hon. Norman A. Mordue, D.J.:**

### MEMORANDUM-DECISION AND ORDER

   This is an action for negligence, medical malpractice and wrongful death stemming from the death of Mary Catherine Barry and her unborn baby. In the initial complaint, plaintiff Phillip Ozdemir ("plaintiff"), who is proceeding *pro se*, asserts claims on behalf of the estate of Barry,

whom plaintiff alleges was his "de facto common-law wife" and his fiancé; on behalf of the estate of "Baby Doe," an unborn baby "between" plaintiff and Barry; and on behalf of plaintiff individually. In his amended complaint, plaintiff appears to have abandoned the claims asserted on behalf of Barry's estate.

Presently before the Court is the Report and Recommendation of United States Magistrate Judge David E. Peebles recommending dismissal of the amended complaint in its entirety. Plaintiff has submitted an Objection to the Report and Recommendation and a supplemental letter. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of those parts of a magistrate judge's report-recommendation to which a party specifically objects. Failure to object to any portion of a report-recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).

With respect to the claims on behalf of the estates of Barry and Baby Doe, plaintiff has not provided evidence of his authority to act or to proceed *pro se* in those matters, despite repeated judicial directives. Moreover, plaintiff specifically states in his Objection to the Report and Recommendation that he does not object to the dismissal without prejudice of these claims. Accordingly, this Court adopts Magistrate Judge Peebles' Report and Recommendation insofar as it recommends dismissal without prejudice of the claims on behalf of the estates of Barry and Baby Doe.

With respect to the claims brought by plaintiff as an individual on his own behalf, Magistrate Judge Peebles recommends dismissal with prejudice. Magistrate Judge Peebles states as follows:

> Plaintiff's complaint, when liberally read, also appears to assert negligence claims brought on his own behalf. Upon careful review of plaintiff's complaint there appear to

be serious questions regarding jurisdiction as well as the merits of any negligence claim brought by him in his own right. While plaintiff's claims may ultimately be found to be legally deficient, however, I cannot say that they are so frivolous on their face as to warrant sua sponte dismissal. Moreover, the plaintiff is entitled to proceed pro se on his own behalf.

This notwithstanding, plaintiff has provided, through his failure to adhere to prior court instructives, a legitimate basis for dismissal of his complaint in this action. A review of the docket sheet reflects that plaintiff missed one prior scheduled conference in April of 2003, advising the court by later letter that he had not received notice of the conference until it was too late to attend. Later, on September 8, 2003, plaintiff appeared late for his scheduled conference and was admonished by the court on that occasion that in the event of any future tardiness sanctions would be imposed. Despite this admonition and the court's written notice more than one month prior to the scheduled conference, plaintiff failed to appear as directed on February 6, 2004.

It is well-established that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and the rules of this court for failure to prosecute and to comply with the court's legitimate instructives is appropriate.

Based on plaintiff's failure to comply with this court's legitimate directives, I recommend that the claims being asserted on his own behalf, pro se, be dismissed as well.

(Citations, footnotes and references to record omitted.)

In his Objection to the Report and Recommendation, plaintiff states: "I missed the status conference on February 6th, 2004 for good reason." In a follow-up letter, plaintiff, who has been granted *in forma pauperis* status in this Court, states:

> When I went down to Arizona at Christmas, because I did not get any wood in this Fall and was afraid of freezing to death and could not afford to buy any, or any heating oil either (it costs about $800-$1,000 to heat my place in the Winter) I did not have my mail forwarded because I did not expect to be there as long as I was. But I developed engine problems and as poor as I am it took quite awhile to rectify them to the point where I could drive back home again. Eventually, I had to rebuild the head on my 5 cylinder diesel engine due to cylinder cracks as she would not start when the temperature dropped down below about 60 degrees Fahrenheit, even with the glow plugs full on.
> By the time I checked my PACER account the status conference had already come and gone. (Note that nowhere in the record is there any indication that I had actually received notice of this conference.) I did not expect that a new Magistrate Judge

would hold a status conference so soon on my case. I was waiting for a decision from Judge Sharpe on my application for an attorney.

With respect to Magistrate Judge Peebles' observation that plaintiff was late for a 9:00 a.m. conference on September 8, 2003, and that on that date plaintiff was admonished by the court that further tardiness would be sanctioned, plaintiff states: "On that date, I appeared at 9:30 am in the courtroom thinking I was ½ hour early because it said on the official PACER docket IN TWO DIFFERENT PLACES that the conference was scheduled for 10:00 am."

Upon *de novo* review of the record, including plaintiff's explanation (which was not before Magistrate Judge Peebles for his consideration), and in view of plaintiff's *pro se* status, this Court determines that plaintiff should be afforded an additional opportunity to pursue his claims.  Accordingly, based on petitioner's Objection to the Report and Recommendation and his supplemental letter, the Court rejects so much of Magistrate Judge Peebles' Report and Recommendation as recommends dismissal of plaintiff's claims on his own behalf.  <u>Plaintiff is advised, however, that it is his responsibility to proceed diligently, to keep the Clerk's Office apprized of any change of address, to check the docket regularly, and to notify the judge in advance of any request for an adjournment.  Any further missed or delayed appearances or submissions may result in automatic dismissal without further notice</u>.

Accordingly, it is therefore

ORDERED that the Report and Recommendation is approved and adopted insofar as it recommends dismissal without prejudice of any and all claims on behalf of the estates of Mary Catherine Barry and Baby Doe; and it is further

ORDERED that any and all claims on behalf of the estates of Mary Catherine Barry and Baby Doe are dismissed without prejudice; and it is further

ORDERED that the Report and Recommendation is rejected insofar as it recommends dismissal of all claims brought by plaintiff Phillip Ozdemir as an individual; and it is further

ORDERED that the action will proceed insofar as it asserts claims on behalf of plaintiff Phillip Ozdemir as an individual; and it is further

ORDERED that plaintiff is hereby notified that **ANY FURTHER MISSED OR DELAYED APPEARANCES OR SUBMISSIONS MAY RESULT IN AUTOMATIC DISMISSAL OF PLAINTIFF'S CLAIMS WITHOUT FURTHER NOTICE**.

IT IS SO ORDERED.

August 12, 2005
Syracuse, New York

*/s/ Norman A. Mordue*
Norman A. Mordue
U.S. District Judge