IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

PHILLIP OZDEMIR, *pro se*

              Plaintiff,

vs.

              Civ. Action No.
              3:02-CV-1600 (NAM/DEP)

SOMERSET MEDICAL CENTER, *et al.*

              Defendants.

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF:

PHILLIP OZDEMIR, *Pro Se*

FOR DEFENDANTS:

SMITH, SOVIK LAW FIRM            JAMES D. LANTIER, ESQ.
250 South Clinton Street               KAREN M. RICHARDS, ESQ.
Suite 600
Syracuse, New York 13202-1252

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

### ORDER

A pretrial conference is scheduled to be held in this matter on

September 16, 2005 at the United States Courthouse, located in

Binghamton, New York, to address matters set forth in Rule 16 of the Federal Rules of Civil Procedure. In anticipation of that conference, plaintiff has sent the court a letter, with attached submissions, related to his case. In that communication, which is dated September 2, 2005, plaintiff expresses concern over his inability to meet and confer with defendants' counsel as required under Rule 26(f) of the Federal Rules of Civil Procedure and this court's local rules, and requests that the issuance of a case management order be deferred in light of the failure of the parties to meet and agree upon a schedule for the case as well as a discovery plan.[1]

The parties are advised that during the scheduled conference to be held on September 16, 2005 the court will address a schedule for the progression of the case, and intends to issue a Uniform Pretrial Scheduling Order setting forth deadlines for completion of certain tasks including pretrial discovery and the filing of dispositive motions. In formulating that schedule the court will consider the proposed civil case management plans submitted by the parties, who apparently have been unable to agree with regard to appropriate dates to be set forth in a case management order.

---

[1] Under this court's rules of practice, a Rule 26(f) meeting may be conducted by telephone, particularly if the parties or party representatives are not located in the same city, as is the case in this instance.

2

Plaintiff is admonished that the court will not accept unsolicited written communications regarding this matter unless prior approval is sought and obtained or the filings are expressly authorized by the Federal Rules of Civil Procedure and/or this court's local rules which permit, for example, the filing of papers in support of or in opposition to a summary judgment motion. Plaintiff is also reminded that under this court's local rules no motions may be filed before the assigned magistrate judge unless prior express approval has been requested and granted.

The clerk is hereby directed to return to the plaintiff the unsolicited written communication forwarded by the plaintiff to the court and received on September 8, 2005, in light of its noncompliance with the applicable rules as indicated above. The clerk is also directed to promptly mail copies of this order to the plaintiff *pro se* and to defendants' counsel.

SO ORDERED.

_____
U.S.D.C. Magistrate Judge

Dated:   September 9, 2005
         Syracuse, NY

G:\Civil\2002\02-CV-1600\order.wpd