UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

PHILLIP OZDEMIR, ADMINISTRATOR AD
PROSEQUENDUM OF THE ESTATE OF BABY DOE, AN
UNBORN BABY BETWEEN PHILLIP OZDEMIR AND
MARY CATHERINE BARRY, AND PHILLIP OZDEMIR,
AS AN INDIVIDUAL,

                                        Plaintiff,

                                             -v-                                        3:02-CV-1600

SOMERSET MEDICAL CENTER, SOMERSET HEALTH
CARE CORPORATION, BOARD OF DIRECTORS OF
SOMERSET HEALTH CARE CORPORATION, AND
JOHN AND JANE DOES 1-100

                                        Defendants.

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:
Phillip OZDEMIR, *pro se*

SMITH, SOVIK LAW FIRM
James D. Lantier, Esq., of Counsel
Karen M. Richards, Esq., of Counsel
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Counsel for Defendants

**Hon. Norman A. Mordue, Chief Judge:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is plaintiff's motion (Dkt. No. 51) for reconsideration of this Court's Memorandum-Decision and Order (Dkt. No. 50) vacating an Order of United States Magistrate Judge David E. Peebles (Dkt. No. 46). The reader is referred to the Memorandum-Decision and Order (Dkt. No. 50) for the background of the issue.

In support of his motion for reconsideration, plaintiff submits an affidavit setting forth in greater detail the nature of his claim.  Plaintiff states that he is asserting a bystander claim for negligent infliction of emotional distress under New Jersey law based his claim that he and decedent shared an intimate, familial relationship, *see Dunphy v. Gregor*, 642 A.2d 372, 377 (1994), and that he witnessed defendants' alleged malpractice, observed the effect of the malpractice on the decedent, and immediately connected the malpractice with the injury.  *See generally Gendek v. Poblete*, 654 A.2d 970, 975 (N.J.Sup.Ct. 1995) (quoting *Frame v. Kothari*, 560 A.2d 675, 681 (N.J.Sup.Ct. 1989)).  In pursuit of this claim, plaintiff seeks access to the decedent's medical records.

In addressing plaintiff's request for court-ordered disclosure of decedent's medical records, the Court notes that protection of the privacy of patients' medical information is a primary objective of HIPAA, *see Citizens for Health v. Leavitt*, 428 F.3d 167, 171 (3d Cir. 2005), and that HIPAA's privacy protection extends to the health information of a deceased person.  *See* 45 C.F.R. § 164.502(f).  Under HIPAA, which pre-empts less stringent state laws, *see id*. § 160.203, a patient or his or her personal representative has extensive control over the disclosure of the patient's health information.  *See id*. §§ 164.502(g)(1); 164.512(e)(1).  Even in the context of litigation, HIPAA prohibits a covered entity from disclosing health information absent a court order, written permission from the patient or representative, or proof that the patient or representative has been informed of the request and given an opportunity to object.  *See id*.

As distinct from the legally-formalized status of a spouse or personal representative, the status of a person claiming a *Dunphy*-type relationship with a decedent cannot be evaluated without detailed examination of the facts on a case-by-case basis.  The *Dunphy* court opined that

"[t]he State's interest in marriage would not be harmed if unmarried cohabitants are permitted to prove on a case-by-case basis that they enjoy a steadfast relationship that is equivalent to a legal marriage and thus equally deserves legal protection." 642 A.2d at 379. That court further stated:

> We acknowledge that this critical determination must be guided as much as possible by a standard that focuses on those factors that identify and define the intimacy and familial nature of such a relationship. That standard must take into account the duration of the relationship, the degree of mutual dependence, the extent of common contributions to a life together, the extent and quality of shared experience, and, as expressed by the Appellate Division, "whether the plaintiff and the injured person were members of the same household, their emotional reliance on each other, the particulars of their day to day relationship, and the manner in which they related to each other in attending to life's mundane requirements."

*Id.* at 378 (quoting the decision below, 617 A.2d 1248, 1254-55 (N.J.Super. A.D. 1992)). A *Dunphy* plaintiff who ultimately is unable to prove such a relationship would not be entitled to access to the decedent's medical records.

The Court has no basis to question the sincerity of the plaintiff in this case. Nevertheless, in view of the fact-specific nature of a *Dunphy*-type claim, HIPAA's goal of protecting the privacy of patients' medical information, and the potential for unwarranted invasions of privacy, the Court holds that, to obtain court-ordered access to decedent's protected medical records, plaintiff must first make a *prima facie* showing that he and decedent shared an intimate, familial relationship within the meaning of *Dunphy*. Plaintiff's own averments should be supported by other evidence. Thus, if plaintiff wishes to pursue this discovery request, he must do so by a new motion. If an executor, administrator, or other person has been authorized to act on behalf of decedent or decedent's estate, any new motion must be served on that person.[1]

---

[1] If plaintiff makes a new motion, he should submit an affidavit of such service, or, if such service is not made, he should submit an affidavit explaining the circumstances.

Accordingly, the Court grants reconsideration and, upon reconsideration, vacates Magistrate Judge Peebles' Order dated October 20, 2005, without prejudice to plaintiff's making a new motion on notice to decedent's personal representative in accordance with the Memorandum-Decision and Order herein.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 51) for reconsideration is granted; and it is further

ORDERED that upon reconsideration, the Court vacates the Order of United States Magistrate Judge David E. Peebles dated October 20, 2005 (Dkt. No. 46); and it is further

ORDERED that plaintiff's request for any and all medical records pertaining to the diagnosis, treatment and care of Mary Catherine Barry while she was at the Somerset Medical Center from late 2000 to the time of her death on January 4, 2001 is denied without prejudice to a new motion by plaintiff in accordance with the Memorandum-Decision and Order herein.

IT IS SO ORDERED.

May 31, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge